**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**

---

**MITCHELL MAGEE**

                        **Petitioner,**

                        **9:04-CV-1089**
          **v.**                     **(GLS/RFT)**

**NURSE CHILDS, Upstate Correctional
Facility, MS. A. TOUSIGNANT, Nurse
Administrator**

                        **Respondent.**

---

**APPEARANCES:**                         **OF COUNSEL:**

**FOR THE PLAINTIFF:**

MITCHELL MAGEE
Petitioner, *Pro Se*
01-A-1574
Last Known Address:
Willard Drug Treatment Campus
7116 County Road 132
P.O. Box 303
Willard, New York 14588

**FOR DEFENDANT TOUSIGNANT:**

HON. ELIOT J. SPITZER, ESQ.    CHARLES J. QUACKENBUSH, ESQ.
Office of the Attorney General    Assistant Attorney General
State of New York
The Capitol
Albany, NY 12224

**GARY L. SHARPE
United States District Judge**

## **DECISION AND ORDER**

The court cannot locate *pro se* plaintiff, Mitchell Magee.  Accordingly, it *sua sponte* considers Magee's failure to comply with this district's Local Rules by notifying the court of his current address and by prosecuting his action.

On September 20, 2004, Mitchell Magee filed a *pro se* 1983 Prisoner Civil Rights complaint against the above-captioned defendants.  *See Dkt. No.* 1.  At the time, he was advised of his obligation to adhere to the Federal and Local Rules even though he was a *pro se* litigant.  This district has expended considerable effort in order to familiarize *pro se* litigants with those rules by reminding them of their obligations in various documents and orders mailed to them, and by preparing a Pro Se Handbook that is easily accessible.  See <www.nynd.uscourts.gov>.  In fact, copies of the Northern District's Handbook have been provided to all prison libraries in this district.

Moreover, while this litigation has been pending, Magee has acknowledged this obligation by filing a change of address on three different occasions.  *See Dkt. Nos.* 11, 25, and 27.

As relevant, Local Rule ("L.R.") 10.1(b) provides:

> **All ... pro se litigants must immediately notify the court of**

> **any change of address.** The notice of change of address is to be filed with the clerk of the court and served on all other parties to the action. The notice must identify each and every action for which the notice shall apply... (emphasis in the original).

In turn, L.R. 41.2(b) provides that the "[f]ailure to notify the Court of a change of address in accordance with L.R. 10.1(b) may result in the dismissal of any pending action."

L.R. 41.2(b) mirrors Rule 41(b) of the Federal Rules of Civil Procedure which affords the court discretionary authority to dismiss an action because of the failure to prosecute or to comply with any order of the court. *Link v. Wabash Railroad County Independent School District,* 370 U.S. 626 (1962); *see also, Lyell Theater Corporation v. Loews Corporation,* 628 F. 2d 37 (2d Cir. 1982).

On February 27, 2006, a Report and Recommendations was issued by Magistrate Judge Randolph F. Treece. The Report-Recommendation recommends that Defendant Tousignant's Motion for Judgment on the Pleadings (Dkt. No. 18) be granted and further recommends that the entire amended complaint be dismissed in accordance with 28 U.S.C. Section 1915(e)(2)(B)(ii). Magee's copy of the Report-Recommendation was mailed to his last know address, but returned as "Return to Sender - Released." *See Dkt. No.* 29. For the orderly disposition of cases, it is

essential that litigants honor their continuing obligation to keep the court informed of address changes. *Michaud v. Williams,* 1999 WL 33504430, at *1 (N.D.N.Y. Nov. 5, 1999) (citing *Fenza v. Conklin,* 177 F.R.D. 126 (N.D.N.Y. 1998)(Pooler, then D.J.). As Judge Pooler has observed:

> It is neither feasible nor legally required that the clerks of the district courts undertake independently to maintain current addresses on all parties to pending actions.  It is incumbent upon litigants to inform the clerk of address changes, for it is manifest that communications between the clerk and the parties of their counsel will be conducted principally by mail.  In addition to keeping the clerk informed of any change of address, parties are obliged to make timely status inquiries.  Address changes normally would be reflected by those inquiries if made in writing.

*Dansby v. Albany County Correctional Staff,* 95-cv-1525, 1996 WL 172699, *1 (N.D.N.Y. Ap. 10, 1996) (citing *Perkins v. King,* No. 84-3310, slip op. at 4 (5th Cir. May 19, 1985)(other citations omitted)).

As a matter of course, courts in this district have dismissed actions when litigants have failed to abide by either the Local Rules or orders related to address changes, and have subsequently failed to prosecute their actions.  *See Williams v. Faulkner,* 95-cv-741, 1998 WL 278288 (N.D.N.Y. May 20, 1998); *Dansby v. Albany County Corr. Facility Staff,* 95-cv-1525, 1996 WL 172699 (N.D.N.Y. Apr. 10, 1996); *Fenza v. Conklin,* 177 F.R. D. 126 (N.D.N.Y. 1988); cf. *Michaud*, 1999 WL 33504430, at *1.

Although the court concludes that it would be an appropriate exercise of discretion to dismiss Magee's action at this juncture for failure to notify the court of his address change or to prosecute his action, it nonetheless affords him an additional two weeks to comply.  According, it is hereby

**ORDERED** that plaintiff be granted **FOURTEEN (14)** days from the date of the filing of this order to submit his current address to the court, or verify that his mailing address is as listed in the caption of this order, and it is further

**ORDERED** that if Magee fails to comply, the Clerk is directed to return this file to the court which will issue a *sua sponte* order dismissing the action for failure to notify the court of his address change and for failure to prosecute, and it is further

**ORDERED** that the Clerk serve copies of this Order on the parties by regular mail at the addresses listed in the caption.

**SO ORDERED.**

**Dated:     March 10, 2006**
            **Albany, New York**

*Gary L. Sharpe*
U.S. District Judge

5