UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

**MITCHELL MAGEE,**

       Petitioner,

  v.            9:04-CV-1089
                (GLS/RFT)

**NURSE CHILDS, Upstate Correctional Facility, MS A. TOUSIGNANT, Nurse Administrator,**

       Respondent.

---

**APPEARANCES:**      **OF COUNSEL:**

**FOR THE PLAINTIFF:**

MITCHELL MAGEE
*Pro Se*
Last Known Address:
Willard Drug Treatment Campus
7116 County Road 132
P.O. Box 303
Willard, New York 14588

**FOR THE DEFENDANT:**

HON. ELIOT J. SPITZER    CHARLES J. QUACKENBUSH
New York State Attorney General Assistant Attorney General
The Capitol
Albany, New York 12224

**Gary L. Sharpe**
**United States District Judge**

**ORDER**

On September 20, 2004, Mitchell Magee filed an *In Forma Pauperis* (IFP) application and *pro se* complaint pursuant to 28 U.S.C. § 1983 alleging that the defendants violated his civil rights. *See Dkt. Nos. 1, 2.* On October 18, Magistrate Judge Randolf F. Treece issued an order granting Magee's IFP application.[1] *See Dkt. No. 4.* On November 4, he filed an amended complaint. *See Dkt. No. 5.*

On May 5, 2005, the defendants filed a motion to dismiss. *See Dkt. No. 18.* On October 19, Magee informed the court of a change of address. On November 10, Magee again informed the court of a change of address, listing: Willard Drug Treatment Campus, Willard, New York. *See Dkt. No. 27.*

On February 27, 2006, Judge Treece issued a report recommending that Magee's complaint be dismissed. *See Dkt. No. 28.* On March 3, the Report-Recommendation was returned as undeliverable. *See Dkt. No. 29.* Accordingly, the court issued an order on March 10, explaining to Magee the obligations of *pro se* plaintiffs to adhere to the Federal and Local Rules.

---

[1] The order states that "plaintiff is also required to promptly notify the Clerk's Office and all parties or their counsel of any change in Plaintiff's address; his failure to do so will result in dismissal of this action." *See Dkt. No. 4.*

2

*See Dkt. No. 30.* The order directed Magee to notify the court of his current address within fourteen days and warned Magee that his failure to comply with the order would result in dismissal for failure to comply with Local Rule 10.1(b)[2] and 41.2(b).[3] *Id.* On March 20, the order was returned to this court as undeliverable. *See Dkt. No. 31.* Despite his knowledge of his obligation to apprise the court of his current address and the consequences of failing to do so, Magee has not complied with the court's March 10th order. *See Dkt. No. 30.*

    This court finds that Magee's failure to provide the court with a change of address warrants dismissal. Rule 41(b) of the Federal Rules of Civil Procedure allows a court to dismiss an action for failure to prosecute. *See* FED. R. CIV. P. 41(b). Courts in the Northern District of New York have dismissed lawsuits brought by *pro se* plaintiffs for failure to provide a current address. *See Fenza v. Conklin*, 177 F.R.D. 126 (N.D.N.Y. 1988); *Williams v. Faulkner*, 95-CV-741, 1998 WL 278288 (N.D.N.Y. May 20,

---

[2]Local Rule 10.1(b)(2) provides that "all ...*pro se* litigants must immediately notify the [c]ourt of any change of address. The notice of change of address is to be filed with the [c]lerk of the court and served on all other parties to the action. The notice must identify each and every action for which the notice shall apply."

[3]Local Rule 41.2(b) provides that "[f]ailure to notify the [c]ourt of a change of address in accordance with L.R. 10.1(b) may result in the dismissal of any pending action."

1998); *Dansby v. Albany County Corr. Facility Staff*, 95-CV-1525, 1996 WL 172699 (N.D.N.Y. April 10, 1996).

Moreover, the court acknowledges that Magee did not receive Judge Treece's Report-Recommendation, and therefore did not have the opportunity to file objections.  Nevertheless, the court reviewed the report for clear error, as articulated in *Almonte v. NYS Div. of Parole*, No. 04-CV-484, 2006 WL 149049, at *5 (N.D.N.Y. Jan. 18, 2006).  Having found no clear error, the court would have adopted Judge Treece's recommendation.  Accordingly, the complaint is dismissed.

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED**, that Magee's complaint is **DISMISSED** for failure to notify the court of his current address, for failure to prosecute, and for failure to comply with this court's March 10, 2006 order, and it is further

**ORDERED** that the Clerk provide a copy of this Order to Magee at his last known address and close the case.

June 6, 2006
Albany, New York

*Gary L. Sharpe*
U.S. District Judge

4